## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60746

DAVID SCOTT CASEY,

> Plaintiff - Appellant

v.

REINHART FOODSERVICE LOUISIANA, L.L.C.,

> Defendant - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2020

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Mississippi

Before DENNIS, SOUTHWICK, and HO, Circuit Judges.

PER CURIAM:*

Plaintiff David Scott Casey appeals a district court order dismissing his complaint and compelling the arbitration of his federal age discrimination claims against his former employer, Reinhart Foodservice Louisiana, L.L.C. We affirm.

**I.**

When Casey was sixty-one, he left his job of nine years to take a senior executive position at Reinhart Foodservice Louisiana, L.L.C. Casey's decision

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60746

to change jobs followed a months-long recruitment process. During that recruitment process, Casey voiced concerns to Reinhart's head of human resources Vince Daniels about Reinhart's apparent reputation for laying off senior management. Daniels allegedly reassured Casey that the company was changing its tact regarding senior management turnover. During that same conversation, Daniels also told Casey that his employment would be contingent on signing a non-compete agreement.

Two weeks after he began working at Reinhart, Reinhart informed Casey that he also needed to sign an arbitration agreement. According to Casey, Reinhart did not mention the arbitration agreement during the recruitment process, but Casey also admits that he did not inquire. Casey claims that despite his reservations about the arbitration agreement, he signed it because Reinhart would have terminated him if he did not. The arbitration agreement contained a delegation clause giving the arbitrator the "exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation" of the arbitration agreement, including "any claim that all or any part of" the arbitration agreement "is void or voidable."[1]

After working for Reinhart for two years, the company offered Casey a retirement package. Casey claims that he did not want to retire but accepted the retirement package because he "needed the money."

Shortly after retiring, Casey filed an age discrimination charge with the Equal Employment Opportunity Commission, alleging that Reinhart forced him to retire and hired a younger person to replace him. The EEOC issued a

---

[1] Notably, this clause is nearly identical to the arbitrability delegation clause the Supreme Court held enforceable in *Rent-A-Center, West, Inc. v. Jackson. See* 561 U.S. 63, 66 (2010) ("The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this [arbitration] Agreement including, but not limited to any claim that all or any part of this [arbitration] Agreement is void or voidable.").

No. 19-60746

right-to-sue letter on those charges, and Casey filed this action in federal court. The district court granted Reinhart's motion to compel arbitration based on the contract's arbitration clause. Casey appealed.

## II.

We review the grant of a motion to compel arbitration de novo. *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 205 (5th Cir. 2012). When a party challenges the *existence* of a valid arbitration agreement, that "challenge is always for the courts to decide." *Bowles v. OneMain Fin. Grp., L.L.C.*, 954 F.3d 722, 725 (5th Cir. 2020). "Once the arbitration contract itself has been established," if the contract contains an enforceable arbitrability delegation clause, "then whether that contract may be enforced for or against the parties in the particular case is for an arbitrator to decide." *Id.* Courts apply state-law contract principles to determine whether a challenge is to the formation or enforcement of the arbitration agreement. *Id.*

Casey asserts that the district court erred in finding that he and Reinhart entered into a valid arbitration agreement with an unambiguous delegation clause, requiring the district court to compel arbitration. Casey does not take issue with the text of the arbitration agreement and does not dispute that he signed it. Instead, he argues that no valid arbitration agreement existed because the agreement was procured by fraud and was procedurally unconscionable.

Beginning with Casey's argument that the agreement was obtained by fraud, Casey asserts that Reinhart committed fraud when it failed to disclose during the recruitment process that Casey's employment was contingent on signing an arbitration agreement. Under Mississippi law, the omission of a material fact can constitute fraudulent inducement only when the parties are in a fiduciary relationship or when one party takes affirmative actions to conceal a material fact. *See Morgan v. Green-Save, Inc.*, 2 So. 3d 648, 652–54

No. 19-60746

(Miss. Ct. App. 2008).  Here, Reinhart and Casey were not in a fiduciary relationship.  *See id.* at 254.  And Casey has not alleged that Reinhart took an affirmative action to conceal that Casey would be required to sign an arbitration agreement.

In short, Casey's factual allegations, taken as true, do not lead to the plausible inference that Reinhart procured the arbitration agreement by fraud. The district court did not err in holding that the arbitration agreement was not invalid based on fraud.

Casey also challenges the validity of the contract as procedurally unconscionable.  At the time Casey filed his appeal, we had not definitively addressed whether under Mississippi law procedural unconscionability related to contract formation or contract enforcement.  Since then, this court confronted this question in *Bowles v. OneMain Financial Group, L.L.C.*, where we determined that an unconscionability challenge goes to whether the arbitration agreement should be enforced, not whether an agreement has been formed.  954 F.3d at 728.  Thus, unconscionability challenges are for the arbitrator, not for the court, to decide.  *Id.*  The district court was correct to hold that a party may not avoid arbitration on this ground.

Finally, Casey raises a constitutional claim, arguing that Section 2 of the Federal Arbitration Act, 9 U.S.C. § 2, violates the due process clause of the Fourteenth Amendment of the United States Constitution.  He insists that because the FAA allows arbitrators to decide issues of arbitrability, *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019), arbitrators have a financial incentive to decide that a case is arbitrable in order to keep the case in arbitration.  Casey argues that this financial incentive prevents an arbitrator from resolving the gateway issue of arbitrability fairly and thus violates his due process rights.

No. 19-60746

The Supreme Court "ha[s] held that parties may agree to have an arbitrator decide not only the merits of a particular dispute but also 'gateway questions of arbitrability, such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy.'" *Henry Schein, Inc.*, 139 S. Ct. at 529 (quoting *Rent-A-Ctr.*, 561 U.S. at 68–69). "An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Rent-A-Ctr.*, 561 U.S. at 70.

Furthermore, the Supreme Court has "decline[d] to indulge the presumption that the parties and arbitral body conducting a proceeding will be unable or unwilling to retain competent, conscientious, and impartial arbitrators." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 634 (1985). And it has held that "there is no reason to assume at the outset that arbitrators will not follow the law." *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 232 (1987).

\*　　\*　　\*

For the foregoing reasons, we affirm.